**Frederick D. PEEL, Plaintiff,**

v.

**FLORIDA DEPARTMENT OF TRANSPORTATION; Tom B. Webb, Jr., as Secretary, Florida Department of Transportation, Defendants.**

**No. MCA 76–42.**

United States District Court,
N. D. Florida,
Panama City Div.

Oct. 8, 1980.

David L. McGee, Asst. U. S. Atty., Tallahassee, Fla., William H. Berger, U. S. Dept. of Labor, Atlanta, Ga., for plaintiff, Frederick D. Peel.

Philip S. Bennett, State of Florida Dept. of Transp., Tallahassee, Fla., for defendants, Fla. DOT, et al.

## ORDER

STAFFORD, District Judge.

On March 31, 1977, this court ordered the defendants to compensate plaintiff for loss of wages and other benefits accruing to plaintiff since November 7, 1975 because termination of plaintiff's employment and denial of reemployment to him were in violation of the Veteran's Reemployment Rights Act (38 U.S.C. § 2021 *et seq.*). *Peel v. Florida Department of Transportation*, 443 F.Supp. 451 (N.D.Fla.1977). This court subsequently stayed that judgment pending appeal.[1] The United States Court of Appeals for the Fifth Circuit affirmed this court's judgment in *Peel v. Florida Department of Transportation*, 600 F.2d 1070 (5th Cir. 1979) and the parties conducted limited discovery concerning said lost wages and benefits. The case is now before the court on cross motions of the parties for summary judgment on the issue of back wages (Documents 42 and 43).

There is no dispute between the parties with regard to the material facts: The defendant failed to reinstate plaintiff on November 7, 1975, following his National Guard duty. From November 7, 1975 to July 5, 1976, plaintiff was self–employed operating his farm. Peel had no earnings and operated the farm at a loss. On July 6, 1976, Peel qualified to be a candidate for the office of Sheriff of Washington County, Florida. From July 7, 1976 to November 2, 1976, he campaigned full–time, had no earnings, but expended $7,611.84 in furtherance of his campaign. On November 2, 1976, Peel was elected sheriff and from November 3, 1976 through January 3, 1977, he worked 40 to 50 hours a week preparing to assume office, which he did on January 4, 1977. The bi–weekly salary in the position from which Peel was terminated was $434.00 as of November 7, 1975. On July 1, 1976, that bi–weekly salary was increased to $447.41. The rate of annual leave accrual for the position in which Peel had been employed was five hours bi–weekly during the period from November 7, 1975 through January 3, 1977.

The material facts being settled, the court finds summary judgment on the issue of lost wages and benefits to be appropriate. Fed.R.Civ.P. 56. The plaintiff requests summary judgment awarding back wages from November 7, 1975 through January 3, 1977, totaling $13,285.16; $825.00 for 150 hours of vacation leave accrued in the period from November 7, 1975 through January 3, 1977; and credit for retirement purposes for the period from September 9, 1975 through January 3, 1977; the entire period of Peel's 59–day reserve duty and his unemployment. The defendants request summary judgment limiting plaintiff's lost

---

1. The court granted defendants' second application for stay of judgment, after a supersedeas bond had been posted, stating that calculation of the lost wage and benefit award ordered could be "resolved at such time as all appeals have been exhausted."

wages and benefits to those which would have been paid during the period from November 7, 1975 through July 6, 1976 and reduced by the value of his services to himself during that time. The defendants argue Peel is entitled to no wages and benefits after July 6, 1976 by virtue of the requirement of Section 110.092, *Florida Statutes*, that a State Career Service System employee must resign his position upon qualifying for full–time elective public office. Additionally, defendant claims plaintiff cannot recover interest on his back wage award because Florida law does not allow prejudgment interest on unliquidated claims.

■ Failure to mitigate damages is an affirmative defense, the burden of which is not met by an employer's proof that the employee failed to find interim employment. *N.L.R.B. v. Pilot Freight Carriers, Inc.*, 604 F.2d 375 (5th Cir. 1979). "The universal rule is that an employee's damages will be mitigated only if the employer proves that similar employment opportunity was available." *Ballard v. El Dorado Tire Co.*, 512 F.2d 901, 905 (5th Cir. 1975). The defendants have introduced absolutely no proof that jobs were available to plaintiff for which he failed to apply. Furthermore, Peel's self–employment does not constitute a failure to mitigate. *Nabors v. N.L.R.B.*, 323 F.2d 686 (5th Cir. 1963) and *Heinrich Motors, Inc. v. N.L.R.B.*, 403 F.2d 145 (2nd Cir. 1968).

■ Defendants' argument that Peel, by qualifying to run for public office on July 6, 1976, waived any right to reinstatement as of that date and lost wages after that date, is superficially engaging. Defendants ignore the fact that the employer's prior unlawful discharge of Peel prevented Section 110.092(4)(a) from ever coming into play, just as the non–competitive contract provision never came into play in *Ballard, supra*, because his employment was not voluntarily terminated. Defendants did not offer Peel reinstatement subsequent to his qualification for office and are unable to establish that he preferred candidacy to reemployment; only Peel's clear and unequivocal rejection of a bona fide offer of reemployment could establish a waiver of his rights under the Veteran's Reemployment Rights Act. See *O'Mara v. Petersen Sand & Gravel Co., Inc.*, 498 F.2d 896, 897 (7th Cir. 1974).

■ Finally, the court finds no merit in defendants' argument that Peel is not entitled to interest on the monetary benefits awarded herein. Florida law does not govern an award of interest; Peel's cause of action arises under 38 U.S.C. § 2021 *et seq.* and is governed by federal law. Interest is a proper ingredient of the instant "make whole" remedy and should be granted. Prejudgment interest is viewed as effectuating the purposes of the Act, particularly that of encouraging reemployment of veterans or reservists at the earliest opportunity. See *Helton v. Mercury Freight Lines, Inc.*, 444 F.2d 365, 369 (5th Cir. 1971); *Accardi v. Pennsylvania Railroad Co.*, 369 F.2d 805 (2nd Cir. 1966) on remand from 383 U.S. 225 (1966); *Armstrong v. Baker*, 394 F.Supp. 1380, 1388 (N.D.W.Va., 1975); *Sipes v. City of Trenton*, 79 CCH Labor Cases ¶ 11,520 (D.N.J., 1976); *Schaller v. Board of Ed. of Elmwood Local Sch.*, 449 F.Supp. 30, 33 (N.D.Ohio, 1978); *Thompson v. Shutterbug Ed's of Caldwell, Inc.*, 88 CCH Labor Cases ¶ 13,260 (D.N.J., 1977); *Manzo v. Pacific Telephone*, 76 CCH Labor Cases ¶ 10,768 (C.D.Calif., 1975); *Niemann v. Alpine–Brook Triangle Corp.*, 69 CCH Labor Cases ¶ 12,940 (S.D.N.Y., 1972). This court has determined that 7% interest compounded annually is a fair and reasonable rate of interest to be applied in this particular case.

In accordance with all of the above, it is ORDERED AND ADJUDGED:

1. Defendants' motion for summary judgment (Document 43) is DENIED.

2. Plaintiff's motion for summary judgment (Document 42) is GRANTED.

3. Plaintiff is awarded back wages in the amount of $13,285.16 and $825.00 in accrued vacation leave benefits, with interest on the total amount of $14,110.16 at the rate of 7% per annum compounded annually from November 7, 1975 until the date of this order.

4. Defendants will credit plaintiff for retirement purposes with employment from September 9, 1975 through January 3, 1977.

5. The Clerk of this Court is directed to enter supplemental judgment to include the specific monetary benefits and interest awarded herein. Post–judgment interest will accrue at the rate of 6% per annum.