**Christopher B. THOMAS, Plaintiff,**

v.

**CITY & BOROUGH OF JUNEAU, Defendant.**

**No. J84–003 Civil.**

United States District Court, D. Alaska.

July 11, 1986.

Michael R. Spaan, U.S. Atty., Anchorage, Alaska, William H. Berger, U.S. Dept. of Labor, Atlanta, Ga., for plaintiff.

John R. Corso, Juneau, Alaska, for defendant.

## AMENDED MEMORANDUM AND ORDER

VON DER HEYDT, District Judge.

THIS CAUSE comes before the court on plaintiff's motion for summary judgment. This is an action for lost wages and interest thereon brought pursuant to the Veterans' Reemployment Rights Act, 38 U.S.C. §§ 2021 *et seq.*

In many respects, plaintiff's motion is unopposed. The City has expressly accepted the statement of the case and statement of facts set forth in plaintiff's memorandum in support of his motion. The City admits that it employed Thomas as a Canine Control Officer from 1976 to 1978; that the position was not temporary; that he resigned the position, after giving notice, to enter military service; that he was honorably discharged after three years of service; and that he applied for reemployment within 90 days of his discharge. Defendant also concedes that plaintiff was qualified to resume his position and that circumstances had not changed so as to make it unreasonable for him to do so. Thus the City admits all of the elements to establish liability under the Act, and indeed the City admits liability.

It is undisputed that the City did rehire Thomas once it recognized its obligation to do so; at issue in this case are only eight months' lost wages. Uncontroverted evidence shows that during those eight months Thomas received no income from employment or from unemployment insurance.

Defendant has opposed plaintiff's motion in only three respects. First, it contends that a triable issue of fact remains on the issue of damages because Thomas failed to exercise reasonable diligence to mitigate his damages. Second, it argues that damages should be further reduced on the ground that apparently the City's initial failure to rehire Thomas resulted from ignorance of the law, coupled with the ground that Thomas allegedly did not initially press his rights under the Act with sufficient vigor. Finally, while "[d]efendant agrees that plaintiff is entitled to prejudgment interest," Opposition at 6, defendant argues for a lower interest rate than the one proposed by plaintiff.

### I. *Mitigation*

The parties agree that in veterans reemployment cases failure to mitigate is an affirmative defense, upon which the defendant has the burden of proof. *Hanna v. American Motors Corp.,* 724 F.2d 1300, 1307 (7th Cir.), *cert. denied,* 467 U.S. 1241, 104 S.Ct. 3512, 82 L.Ed.2d 821 (1984); *see Sias v. City Demonstration Agency,* 588 F.2d 692, 696 (9th Cir.1978) (failure to mitigate in Title VII employment discrimination suit). The parties also agree that to establish this defense the City must show that

> (1) the plaintiff failed to exercise reasonable diligence to mitigate his damages, and

> (2) there was a reasonable likelihood that the plaintiff might have found comparable work by exercising reasonable diligence.

*Hanna, supra,* 724 F.2d at 1307 (emphasis and citation omitted); *accord Sias, supra,* 588 F.2d at 696.

In an effort to show that a triable issue exists on the first prong, the City has

presented Thomas's responses to its interrogatories. These reveal that during the eight months of his unemployment Thomas daily checked the want ads and the Job Services Office, that he took two examinations for public employment, and that he applied for four jobs (including the one to which he was entitled). Thomas states that:

> There were no jobs for my qualifications that were available. I believe part of the reason was because the [capital] move was a topic of discussion at the Juneau community at this time and I was told many times that no one was hiring until the elections in November, 1982.

Response to Defendant's Interrogatory 2.

■ Notably, "[a] claimant is required to make only reasonable exertions to mitigate damages, and is not held to the highest standards of diligence." *United States v. Lee Way Motor Freight, Inc.,* 625 F.2d 918, 938 (10th Cir.1979). Moreover, he is not obliged to apply for or accept jobs that are not comparable to and in the same line of work as the position wrongfully denied. *Hanna, supra,* 724 F.2d at 1309; *Ballard v. El Dorado Tire Co.,* 512 F.2d 901, 906 (5th Cir.1975). The mitigation efforts attested to by plaintiff are more extensive than efforts that have been found adequate by other courts. *See, e.g., Orzel v. City of Wauwatosa Fire Department,* 697 F.2d 743, 756 (7th Cir.) (mitigation efforts adequate where during two-year period plaintiff (1) registered with Wisconsin Job Service, (2) held part-time job for one year or less, and (3) applied for one other job), *cert. denied,* 464 U.S. 992, 104 S.Ct. 484, 78 L.Ed.2d 680 (1983); *N.L.R.B. v. Nickey Chevrolet Sales, Inc.,* 493 F.2d 103, 108 (7th Cir.), *cert. denied,* 419 U.S. 834, 95 S.Ct. 60, 42 L.Ed.2d 60 (1974).

The City has disputed Thomas's testimony in only a single respect: it has submitted copies of seven want ads that appeared in the *Juneau Empire* during the first half of 1982. Defendant suggests that because plaintiff does not claim to have contacted any of these seven employers, his claimed review of the want ads cannot have been diligent. But most of the want ads identified by defendant (*e.g.,* for part-time help at Kentucky Fried Chicken) advertise jobs that plainly are not comparable to the position wrongfully denied. None is in the specific line of work of plaintiff's old job.

The City has also failed to raise a triable issue on the second prong of the *Hanna* test. Defendant's only evidence that plaintiff could have secured comparable work had he been diligent are the copies of seven want ads mentioned above. In an analogous case, the Fifth Circuit has held that an employer cannot

> meet the so-called "burden" simply by introduction of the help-wanted ads of a local newspaper. The law does not allow contract breachers to escape the consequences of their wrongful acts in such a perfunctory fashion.

*Ballard, supra,* 512 F.2d at 906.

■ Summary judgment may be granted if it appears from the record of the case, after viewing all factual inferences in the light most favorable to the non-moving party, that no genuine issues of material fact exist, and that the moving party is entitled to prevail as a matter of law. *International Ladies Garment Workers Union v. Sureck,* 681 F.2d 624, 629 (9th Cir.1982). In the instant case, prima facie liability has been admitted. The City can avoid summary judgment only by raising genuine issues of fact with respect to each of the prongs of the affirmative defense it has advanced. This it has failed to do, and the proffered defense is insufficient as a matter of law.

## II. Delay in Pressing Claim

■ Defendant argues that recovery should be reduced on the grounds that it was ignorant of its obligation to rehire Thomas and that Thomas did not sufficiently assert his rights. Assuming that these arguments are supported in the record— the court has found no unambiguous support for either—they are nonetheless insufficient as a matter of law. With the exception of a few long-rejected district court decisions from the 1940's, it has universally

been held that neither the defendant's good faith nor the plaintiff's failure to bring suit immediately alters the rule that damages accrue from the date of application to the date of hire. *E.g., Teamsters Local Union 612 v. Helton,* 413 F.2d 1380, 1385 (5th Cir.1969); *Green v. Oktibbeha County Hospital,* 526 F.Supp. 49, 56 (N.D.Miss. 1981); *Barrett v. Grand Trunk Western R.R.,* 86 Labor Cases [CCH] ¶ 11,334 (N.D. Ill.1979). Neither is the rule altered by delay in securing the assistance of the Department of Labor, the initial clearinghouse for complaints of this type. *Barrett, supra; see also Hembree v. Georgia Power Co.,* 637 F.2d 423, 425–26, 429–30 (5th Cir. 1981). Undisputed evidence shows that defendant was aware that Thomas was reapplying as a veteran and that he had left his prior position with the City to join the military. No further action on Thomas's part was required to trigger a legal obligation on the part of the City to rehire him.

### III. *Prejudment Interest*

■ Both parties agree that Thomas is entitled to prejudgment interest on the back wage award. *E.q., Hanna, supra,* 724 F.2d at 1310–12; 33 Fed.Proc., L.Ed. § 79:230 (1985). The calculation of such an award lies within the discretion of the district court. *Id.; Hembree, supra,* 637 F.2d at 429–30. The guiding principle, however, must be to make the veteran whole. *E.g., Hembree,* 637 F.2d at 429; *Peel v. Florida Department of Transportation,* 500 F.Supp. 526, 528 (N.D.Fla.1980).

■ Initially, the court must decide the date from which interest has accrued. Plaintiff's losses accumulated incrementally from November 29, 1981, to August 2, 1982. Theoretically, interest on the salary plaintiff should have received on November 30, 1981, should be calculated from that date; interest on the following day's pay from the following day, and so forth. Conversely, no interest should be charged on August 1 wages until August 1, when the City became liable for their payment. A simple way of arriving at the same total is to charge interest on the full amount of plaintiff's lost wages from the midpoint of the period of his unemployment. The court will therefore award prejudgment interest from April 1, 1982. *Cf. Adams v. Mobile County Personnel Board,* 115 L.R.R.M. [BNA] 2936, 2939 (S.D.Ala.1982) (using similar procedure to calculate interest on damages that accumulated incrementally).

The City contends that the appropriate rate of interest is 7%. It does not supply a rationale for this figure, but cites two cases from other circuits awarding interest on liabilities that accrued during a period when interest rates were much lower than they have been in recent years. *Hanna, supra,* 724 F.2d at 1312 (7% interest awarded on damages accruing from 1973 to 1977); *Peel, supra,* 500 F.Supp. at 528 (7% interest awarded on damages accruing from 1975 to 1977).

In 1982 Congress amended the federal postjudgment interest statute, 28 U.S.C. § 1961, to measure interest after judgment by reference to the one-year treasury bill rate in effect at the time of judgment. The purpose of the amendment was "to remove the economic incentives to delay that exist when judicially-awarded interest rates are less than the contemporary cost of money." *Western Pacific Fisheries, Inc. v. SS President Grant,* 730 F.2d 1280, 1289 (9th Cir. 1984). The Ninth Circuit has held that the principles embodied in § 1961, as amended, should govern awards of prejudgment interest as well. *Id.; see also Adams, supra,* 115 L.R.R.M. at 2939 (using treasury bill rate to calculate prejudgment interest in Veterans' Reemployment Rights Act case).

■ Although the point is not made explicitly in the opinion, *President Grant* stands for the proposition that the precise mechanism of § 1961 applies even to the calculation of prejudgment interest on liabilities accruing before § 1961 was passed. Thus, the Ninth Circuit found the one-year treasury bill rate that obtained in December 1980 to be the appropriate prejudgment interest rate for a liability that accrued in December 1980. Because the Director of the Administrative Office of the United

States Courts did not begin supplying district courts with the treasury bill rate until late 1982, *see* § 1961(a), the Circuit Court presumably intended that prevailing parties should be required to obtain and supply to the court treasury bill rates for liabilities accruing prior to that time.

 Plaintiff submits that *President Grant* governs the award of prejudgment interest in this case. The court agrees. Interest in this case should be calculated from April 1, 1982, "at a rate equal to the coupon issue yield equivalent (as determined by the Secretary of the Treasury) of the average accepted auction price for the last auction of fifty-two week United States Treasury bills settled immediately prior to" April 1, 1982. *Id.* at 1289, quoting 28 U.S.C. § 1961(a). As in *President Grant*, the applicable date for calculating the interest rate predates the effective date of § 1961. Hence the court cannot, by reference to its own files, learn the Treasury bill interest rate in effect on April 1, 1982. The court will therefore hold final judgment in abeyance until either party shall move for the same, supplying the appropriate interest rate.

Accordingly, IT IS ORDERED:

(1) THAT plaintiff's motion for summary judgment is granted;

(2) THAT the court finds that plaintiff is entitled to judgment for $21,079.76 in back wages, together with prejudgment interest from April 1, 1982;

(3) THAT no final judgment be entered at this time.